**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

Heather J. Kaley

Debtor(s)

CASE NO: 6:24-bk-06574-GER
Chapter 7

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO IMPOSE A FILING BAR, OR IN THE ALTERNATIVE, PROSPECTIVE RELIEF FROM STAY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**SECURED CREDITOR,** LC04 Special, LLC (herein after referred to as "MOVANT or SECURED CREDITOR"), by and through his undersigned attorney, hereby Moves for Relief from the Automatic Stay pursuant to 11 USC §362(d) and for the imposition of a filing bar, or in the alternative, for prospective relief from stay, and in support states as follows:

1. On or about December 3, 2024, the above Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On or about August 20, 2007, the Debtor executed and delivered a Note as well as a Mortgage securing payment of the Note to Nationstar Mortgage, LLC, which is now owned and held by SECURED CREDITOR. The property described in the Mortgage was and is now owned by, and upon information and belief, in possession of, the Mortgagors. The Mortgage was recorded in the Official Records of Orange County, Florida on or about September 4, 2007, in Book 09420, at Page 2847. See a copy of the Mortgage and Note with the chain of Assignments of Mortgage attached hereto, and incorporated herein as composite Exhibit "A."

4. The mortgage secures the following real property located in Orange County, Florida, to wit:

    **LOT 690, SIGNATURE LAKES PARCEL 1D PHASE 2, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 65, PAGE(S) 137, AS RECORDED IN THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**

    **APN #: 28-23-27-8129-06900**

**A/K/A: 14924 GAULBERRY RUN, WINTER GARDEN, FL 34787**

5. The MOVANT respectfully requests that the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the MOVANT taking into account the value of the property.

6. In support of this Motion for Relief from Automatic Stay, under §362(d) of the Bankruptcy Code, MOVANT would show that it would be inequitable to permit the debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization of the Debtor(s).

7. MOVANT submits that lack of adequate protection in this cause is the appropriate ground for relief which Movant seeks under §362(d), and that the possible existence of equity over and above the indebtedness, which MOVANT denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest while the Debtor(s) enjoys the benefit of the collateral without following the requirements of the Bankruptcy Code.

8. The Debtor is not paying, nor can Debtor afford to pay based on the filed schedules I and J.

9. If MOVANT is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

10. A Final Judgment of Foreclosure was entered on September 28, 2018 in the amount of $792,050.56. See a copy of the Final Judgment of Foreclosure attached hereto, and incorporated herein as composite Exhibit "B."

11. The unpaid principal balance due is in the amount of $524,426.88.

12. The total pre-petition arrearages amount due as of December 9 ,2024 was $1,175,626.25, plus additional attorney's fees and costs.

13. A default exists under the Loan for failure to make payments due and owing under the Note and Mortgage beginning with the payment due on March 1, 2017, and all subsequent payments thereafter.

14. The value pursuant to the Orange County Property Appraiser's office is $663,829.00, which is historically low, making MOVANT a secured creditor that is not adequately protected pursuant to the Bankruptcy Code. Please see a copy of the Orange County Property Appraiser's report attached hereto and incorporated herein as "Exhibit C."

15. The most recently filed Affidavit in support of this Motion is attached hereto and incorporated herein as "Exhibit D."

16. Further, Secured Creditor respectfully asks this court bar the Debtor from refiling Bankruptcy for a period of two (2) years as this Debtor is partaking in a scheme concocted by her spouse, Mark Kaley, who is a serial filer and who already has a filing bar instituted against him.

17. The Debtor has filed three (3) bankruptcies, each involving the same property and/or final judgment and allegedly done with mere intention of delaying MOVANT'S foreclosure sale:

| Debtor | Case No | Note |
|---|---|---|
| Heather J Kaley | 22-02315 | Ch7 filed in Florida Middle on 06/30/2022, Dismissed for Other Reason on 10/17/2022 |
|  | 16-02852 | Ch7 filed in Florida Middle on 04/29/2016, Dismissed for Other Reason on 07/11/2016 |

18. The Debtor's spouse, Mark Kaley, has filed FIVE (5) previous bankruptcy cases in the Middle District of Florida, each involving the same property and/or final judgment and allegedly done with mere intention of delaying MOVANT'S foreclosure sale:

| Party | Case | Caption | Court | Filed | Closed |
|---|---|---|---|---|---|
| Kaley, Mark C. (pla) | 1:2009cv00299 | Big Apple Consulting USA, Inc. et al v. Moody et al | North Carolina Western District Court | 08/04/2009 | 09/02/2009 |
| Kaley, Mark Christopher (db) | 6:2015bk07169 | Mark Christopher Kaley | Florida Middle Bankruptcy Court | 08/20/2015 | 03/10/2016 |
| Kaley, Mark Christopher (db) | 6:2016bk06284 | Mark Christopher Kaley | Florida Middle Bankruptcy Court | 09/23/2016 | 11/16/2016 |
| Kaley, Mark Christopher (db) | 6:2019bk00329 | Mark Christopher Kaley | Florida Middle Bankruptcy Court | 01/17/2019 | 10/07/2021 |
| Kaley, Mark Christopher (db) | 6:2023bk01219 | Mark Christopher Kaley | Florida Middle Bankruptcy Court | 04/03/2023 | 03/21/2024 |
| Kaley, Mark Christopher (db) | 6:2024bk01255 | Mark Christopher Kaley | Florida Middle Bankruptcy Court | 03/15/2024 | 10/10/2024 |

19. Here, the Debtor is using the bankruptcy system to further her spouse's scheme to delay Secured Creditor and prevent it from enforcing its *in rem* rights against the Property.

20. Many courts have recognized that while there is no bar against refiling for bankruptcy after a case has been dismissed, where there are "successive reorganization bankruptcy filings without any material changes in circumstances, the repeat filing is generally viewed to be in 'bad faith.'" See, e.g., Matter of Elmwood Development Co., 964 F.2d at 511-12; Haines v. Miller, 2004 WL 1987218 at *3. Serial bankruptcy filings intended only to forestall the foreclosure efforts of a secured creditor are considered filed in bad faith. See, e.g., In re Huerta, 137 B.R. 356, 367 (Bankr. C.D. Cal. 1992), In re Janet D. Steeley, 243 B.R. 421 (Bankr. N.D. Ala. 1999). Therefore, the subject bankruptcy should be treated as being filed in bad faith and the case should be dismissed and Debtor should be barred from filing another Bankruptcy for two (2) years.

21. MOVANT has been unable to complete its foreclosure due to the serial filing nature of the Debtor and her spouse. As a result of this, its position in the collateral has eroded and is

being continually and irreparably damaged.

22. If MOVANT is not granted the filing bar, the Debtor will simply dismiss the instant bankruptcy and refile on the eve of MOVANT'S foreclosure sale.

23. In the alternative to a filing bar, MOVANT would respectfully request that it be granted prospective relief from stay in a recordable order so that another bankruptcy filing would not thwart MOVANT'S foreclosure.

**WHEREFORE, PREMISES CONSIDERED**, MOVANT prays that the Debtor be cited to appear herein; that upon Final Hearing (if necessary) the Court enter an Order granting relief from the Automatic Stay under 11 USC §362(d) to allow the MOVANT to continue its in rem foreclosure, to permit MOVANT to take any and all steps necessary to exercise any and all rights it may have in the collateral described hereinabove, and to gain possession of said collateral, to impose a prejudice period of two (2) years against Debtor, to waive the 14-day day stay as permitted by Fed. R. Bk. Pr. 4001(a)(3), or alternatively to grant it prospective relief from stay in the event another bankruptcy is filed, together with such further relief and this Honorable Court deems MOVANT is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this December 12, 2024.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By:     /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on this 12th Day of December 2024, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Pro Se Debtor*
Heather J Kaley
14924 Gaulberry Run
Winter Garden, FL 34787

*Trustee*
Arvind Mahendru
Arvind Mahendru, Chapter 7 Trustee
5717 Red Bug Lake Rd #284
Winter Springs, FL 32708

*U.S. Trustee*
United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

                                                      **Law Offices of Damian G. Waldman, P.A.**
                                                      10333 Seminole Blvd., Units 1&2
                                                      Seminole, FL 33778
                                                      Telephone: (727) 538-4160
                                                      Facsimile: (727) 240-4972
                                                      Email:**damian@dwaldmanlaw.com**
                                                      Attorneys for Secured Creditor

                                                      By:     /s/ Damian Waldman, Esq.
                                                      Damian Waldman, Esq.
                                                     Florida Bar No.: 0090502