UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                          Case No.: 6:24-bk-06574

                                                                CHAPTER 7

Heather Kaley,

FILED
JAN 27 2025
Clerk, U.S. Bankruptcy,
Orlando Division

Debtor.

---

**DEBTOR'S MOTION TO RENEW AND REARGUE ORDER GRANTING SECURED CREDITOR <u>LC04 SPECIAL LLC's</u> MOTION FOR RELIEF FROM THE AUTOMATIC STAY, and (2) GRANTING PROSPECTIVE RELIEF**

Debtor requests entry of an order vacating the Court's Order dated January 17, 2025 (Doc. No. 35) granting secured creditor LC04 SPECIAL LLC's Motion for Relief from Automatic Stay and granting prospective relief, and in support thereof states as follows:

1. On January 21, 2025, the Debtor in this matter received an email correspondence from the Florida Ninth Circuit Court e-filings that LC04 SPECIAL LLC, filed a Motion to Reschedule Sale in a state court

action (Case No. 2017-CA-006612-O), and affixing thereto an Order of this Court of same date. That Order stated this Bankruptcy Case had come before the Court on January 9, 2025, at 10:30 am. (Doc 37).

2. Debtor should be permitted to renew and reargue as the Debtor was improperly denied a request to adjourn the preliminary hearing which formed the basis of the Order. The Debtor requested to adjourn the hearing on two grounds: (a) a medical conflict, and (b) to retain counsel.

3. Debtor is acting pro se and is not part of the PACER electronic filing system, and does not receive notifications therefrom. Debtor only became aware of the January 9, 2025 hearing when she received a copy of the Notice of Preliminary Hearing from SECURED CREDITORs, on January 3, 2025.

4. Debtor immediately prepared and hand delivered to the Clerk's office a request to adjourn the preliminary hearing to an alternative date

informing the Court of both the Debtor's medical situation and need to retain counsel.

5. The Court granted the Debtor's request only as to time of the hearing (Doc No. 22). Upon receipt of that notice, the Debtor immediately requested the Court select an alternative date as the new time was in direct conflict with the Debtor's previously scheduled appointment, and reminded the Court Debtor was seeking to retain counsel to prevent adverse rulings as a result of this matter exceeding the Debtor's scope or ability. Debtor has no legal training.

6. The Court again granted the motion but only as to time again and moved the hearing to 9:30 and allowing parties to appear via Zoom. (Doc. No. 24).

7. As explained to the Court, the Debtor had a breast biopsy prior to the holiday, and had this appointment with her physician to go over the results and findings, as well as to lay out next steps. Debtor has a family history of cancer, with both parents having passed away from

cancer and her older siblings being diagnosed with cancer. Debtor is a young 51 years of age, married, with three children, the youngest being 10 years old. A cancer diagnosis would have been a life shattering event as well as the preparation for anticipated treatment to survive. (Doc. No. 23).

8. Without any disrespect intended, the Debtor's health was first and foremost in her mind and her only concern at the moment. Debtor's health concerns were causing her mental and emotional stress. The Debtor was begging and imploring the Court based more on a humane and equitable side rather than a legal and procedural side.

9. The action taken by this court, greatly prejudices the Debtor, in that the foreclosure action has now been asked to proceed.

10. Debtor submits this motion in good faith and on valid reasons as to why the LC04 SPECIAL LLC' Motions should not have been granted.

11. Additionally, the debtor noted in her opposition that LC04 SPECIAL LLC never served Debtor with its motion, and that INDEPENDENCE HOMEOWNER'S ASSOCIATION motion was defective in that it did not request any type of sanctions against the Debtor. INDEPENDENCE's reliance on the improperly served motion caused its motion to be defective and improper.

12. Moreover, the DEBTOR has filed prior to the PRELIMINARY HEARING a Motion for Court Ordered Mortgaged Modification Mediation as to LC04 SPECIAL, LLC, which has been granted by the Bankruptcy Court. The pendency and granting of this motion are additional reasons making the granting of the SECURED CREDITORs' Motions inappropriate. Moreover, not only does LC04 SPECIAL LLC have adequate security as the home is valued at more than what is stated in the judgements, SECURED CREDITOR has not properly filed claims for their security, as they are asserting different sums owed other than what is in the judgments. For example, LCO4 SPECIAL LLC recently demanded over $1,200,000 as payoff for the judgment. If the

SECURED CREDITOR is asserting a different sum that what is owed, then the SECURED CREDITOR would need to amend those judgments before the trustee in this matter.

13. Furthermore, the DEBTOR requested the adjournment to retain counsel to have effective assistance in this matter. DEBTOR realized with the Notice of Preliminary Hearing (received three business days before the scheduled hearing), that representation was necessary. It was error for the Court to not consider that fact. Although, the Debtor had filed pro se, the debtor did not anticipate the vitriol which SECURED CREDITORS would attack the Debtor. The Court should have considered such in the Debtor's adjournment request, rather than have the DEBTOR proceed in an unrepresented capacity.

14. The trustee consented to an adjournment of the Creditor's Meeting for such same reason and did not seem to oppose that request.

**15. Additionally, it was error for the Court to Order any additional sanctions against the Debtor as this proceeding is still proceeding and in its pendency.**

## THERE IS ADEQUATE PROTECTION

16. SPECIAL LLC holds a judgment in the amount of $792,050.06, secured by the real property located at:

> LOT 690, SIGNATURE LAKES PARCEL 1D PHASE 2, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 65, PAGE(S) 137, AS RECORDED IN THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.
>
> PROPERTY ADDRESS: 14924 Gaulberry Run, Winter Garden, Florida 34787.

17. SECURED CREDITOR's argument for relief from the automatic stay under Section 362(d) of the Bankruptcy Code is premised on the erroneous assertion that lack of adequate protection necessitates relief because the value of the collateral is insufficient. Contrary to SECURED CREDITOR's assertions it is equitable to permit the debtor

to retain the collateral, there is equity in the collateral, and the collateral is necessary for an effective reorganization.

18. SECURED CREDITOR's summarily announced value being "historically low" ignores current market dynamics. First, any value relied on by the Orange County Property Appraiser is valuing the property for purposes of taxes, not for purposes of market value to bargain for a sale, refinance or any other private transactional purpose.

19. In fact, for purposes of market value the value of property stands in excess of $805,000, if not over $1,000,000. (See Exhibit A). Moreover, Debtor asserts that the value of the home based on comparable comparisons approaches the $1,200,000 or greater price as reflected in Exhibit A. However, regardless the market value of the collateral is well in excess of the SECURED CREDITOR's assertions.

20. Moreover, in any business transaction whereby the SECURED CREDITOR obtained the underlying mortgage and note by virtue of an assignment, such was done for pennies on the dollar as an investment.

Debtor has been advised this is what occurred by realty experts. Therefore, any purported assertions are motivated by attempting to acquire an investment windfall, rather than lack of adequate protection. Debtor posits, any sale price, even consistent with, as the movant describes "historically low" value, would deliver SECURED CREDITOR sums in greater excess than were expended to acquire the underlying instruments.

21. As Debtor noted in its Opposition Papers, DEBTOR stands ready willing and able to negotiate a workout of the SECURED CREDITOR's mortgage backed by a hard money lender who will not only clear up the claims of LC04 SPECIAL LLC, but also make payment on the judgment of INDEPENDENCE COMMUNITY HOMEOWNERS ASSOCIATION.

22. As SECURED CREDITOR is not interested in working with DEBTOR to resolve and workout the mortgage, the DEBTOR requires

the Court's assistance which why granting the Mortgage Modification Mediation Motion was appropriate.

23. The DEBTOR asks this Court to permit the DEBTOR the opportunity to renew and reargue the Motion to Lift the Stay of LC04 SPECIAL LLC, as well as reinstate the Automatic Stay pending a decision on this Motion, and grant the relief requested herein, so this proceeding may proceed forthwith.

WHEREFORE, the Debtor requests the entry of an order granting this Motion, including reinstatement of the automatic stay pending the determination of this Motion, and for such other and further relief the Court deems just and proper.

Dated:    January 21, 2025
         Winter Garden, Florida

/s/ Heather Kaley
_____
Heather. Kaley
Pro Se, Debtor
14924 Gaulberry Run
Winter Garden, Florida 34787
407-353-1588

<u>hjkaley@gmail.com</u>

## PROOF OF SERVICE

A true and correct copy of the foregoing has been filed with the clerk of the court via hand delivery and electronic transmission and sent by either electronic transmission or U.S. Mail on January 21, 2025, to:

All creditors and interested parties as listed on attached service list.

Dated:   January 21, 2025
         Winter Garden, Florida

/s/ Heather Kaley

_____

Heather. Kaley
Pro Se, Debtor
14924 Gaulberry Run
Winter Garden, Florida 34787
407-353-1588
hjkaley@gmail.com

SERVICE LIST
Law Offices of Damian G. Waldman, PA Attorney for Secured Creditor
10333 Seminole Blvd, Units 1 & 2 Seminole, Florida 33778
Email: damian@dwaldmanlaw.com

Chapter 7 Trustee
Arvind Mahendru
5717 Red Bug Lake Road #284
Winter Springs, FL 32708

United States Trustee - ORL 7/13
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street
Suite 1100
Orlando, FL 32801

Orlando Law Group
12301 Lake Underhill Rd
Ste 213
Orlando, FL 32828

# EXHIBIT A
## (Market Value)





**Andy Neal** <andy_neal@yourrealtorandy.net>   Mon, Apr 1, 5:09 PM (20 hours ago)      

to me ▼



# Your Home Valuation Report

Hi Markckaley,

Please see below for your free home valuation. Note that this is just an estimate. For a personalized quote on your home's value, feel free to contact us.

ESTIMATED HOME VALUE: $805,600
ESTIMATED HIGH: $853,936
ESTIMATED LOW: $757,264
PRICE CHANGE WITHIN PAST 30 DAYS: +$5,542

Click the 'View Your Report' at any time to see changes in property value for 14924 Gaulberry Run, Winter Garden, FL 34787

This represents an estimated sale price for this property. It is not the same as the opinion of value in an appraisal developed by a licensed appraiser under the Uniform Standards of Professional Appraisal Practice.