**ORDERED.**

**Dated: February 21, 2025**

*Grace E. Robson*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Heather J. Kaley, ) | Case No. 6:24-bk-06574-GER |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER DENYING MOTION TO AVOID JUDICIAL LIEN OF
INDEPENDENCE COMMUNITY ASSOCIATION, INC. ON EXEMPT PROPERTY**

THIS CASE came before the Court without a hearing upon the *Amended Motion to Avoid Judicial Lien of Independence Community Association, Inc. on Exempt Property* (the "Motion") (Doc. No. 43) filed by Debtor Heather J. Kaley ("Debtor"),[1] wherein Debtor seeks to avoid the lien of Independence Community Association, Inc. (the "Association") pursuant to § 522(f) of the Bankruptcy Code[2] as impairing real property located at 14924 Gaulberry Run, Winter Garden, Florida 34787 (the "Property"). For the reasons discussed below, the Motion will be denied.

**Background**

The Court has reviewed the record and finds that, on January 9, 2023, the Association

---

[1] While Debtor filed the *Motion to Avoid Judicial Lien of Independence Community Association, Inc. on Exempt Property* (Doc. No. 25) on January 6, 2025, it was denied with leave to amend by this Court on January 9, 2025 pursuant to the *Order Denying Motion to Avoid Lien of Independence Community Association, Inc.* (Doc. No. 31). Debtor then filed the Motion on January 27, 2025.

[2] The Bankruptcy Code refers to 11 U.S.C. §§ 101-1532. Unless otherwise specified, all chapter and section references are to the Bankruptcy Code.

commenced an action styled *Independence Community Association, Inc. v. Kaley*, Case No. 2023-CA-000243-O (the "State Court Case") by filing a *Complaint to Foreclose Claim of Lien* (the "Complaint") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County Florida (the "State Court") seeking to foreclose a claim of lien with respect to the Property.[3] On January 26, 2024, the State Court entered the *Final Summary Judgment of Foreclosure* (the "Foreclosure Judgment").[4] As reflected in the Foreclosure Judgment, the Association is a homeowners' association, and Debtor is contractually bound to comply with the Declarations, Covenants, and Conditions of the Association[5] (hereinafter, the "Declaration").[6] The State Court found the Association holds a lien against the Property, that Debtor failed to pay assessments due under the Declaration, struck all affirmative defenses, liquidated the debt owed to the Association, and scheduled a sale of the Property. The Foreclosure Judgment was recorded in the public records of Orange County, Florida, the county where the Property is located.[7] Multiple bankruptcy cases were filed by Debtor and her spouse, which precluded the sale of the Property.

Most recently, Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on December 3, 2024.[8] Schedules detailing Debtor's assets and liabilities accompanied the petition, including Schedule A/B, which lists Debtor's interest in the Property.[9] The Property was *not* claimed as exempt on Schedule C.[10]

---

[3] A court may take judicial notice on its own or upon a party's request at any stage of a proceeding of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201. Accordingly, the Court takes judicial notice of the case record and docket of the State Court Case.

[4] *Final Summ. J. of Foreclosure*, *Indep. Cmty. Ass'n, Inc. v. Kaley*, No. 2023-CA-000243-O (Fla. 9th Cir. Ct. Jan. 26, 2024). The Foreclosure Judgment is attached as Exhibit A to the Association's *Motion for Relief from Automatic Stay* (Doc. No. 13).

[5] Foreclosure Judgment at 1.

[6] The *Master Declaration for Independence* is Exhibit A to the Complaint filed in State Court. *Compl. to Foreclose Claim of Lien*, Ex. A, *Indep. Cmty. Ass'n, Inc. v. Kaley*, No. 2023-CA-000243-O (Fla. 9th Cir. Ct. Jan. 9, 2023).

[7] Recorded as Document #20240054291 on January 29, 2024.

[8] Doc. No. 1.

[9] Doc. No. 1 at 12-21.

[10] Doc. No. 1 at 22-23.

On January 27, 2025, Debtor filed the Motion seeking to avoid the judicial lien of the Association stemming from the Foreclosure Judgment[11] as impairing an exemption.

## **Discussion**

Section 522(f)(1) provides, in relevant part:

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is –

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . .[12]

The Bankruptcy Code defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."[13] In order to avoid a lien under § 522(f)(1)(A), the lien must: (a) be a judicial lien that is attached or fixed to property already owned by the debtor; and (b) impair an exemption to which a debtor would be entitled.[14]

Here, Debtor has an ownership interest in the Property; however, it was not claimed as exempt. Therefore, there is no exemption to which Debtor is entitled that is being impaired by the Foreclosure Judgment. Furthermore, Debtor would not be able to avoid the Association's lien even if Schedule C was amended to claim the Property as exempt because the Foreclosure Judgment is not a judicial lien subject to avoidance under § 522(f). The Foreclosure Judgment is not what gives rise to the Association's lien; the lien arises from the terms of the Declaration as well as Chapter 720 of the Florida Statutes, which governs homeowners' associations that operate residential communities in the State of Florida. Relevant here, both the Declaration and the Florida Statutes

---

[11] The Motion indicates that the judgment at issue was dated January 26, 2024; while Debtor did not attach a copy of the judgment to the Motion, the Court's review of the State Court docket reflects that the Foreclosure Judgment is the only judgment entered on that date.
[12] 11 U.S.C. § 522(f)(1)(A).
[13] 11 U.S.C. § 101(36).
[14] *See In re Badalamenti*, 632 B.R. 862, 866 (Bankr. M.D. Fla. 2021) (first citing *In re Whelan*, 325 B.R. 462, 464 (Bankr. M.D. Fla. 2005); and then citing *In re Cooper*, 202 B.R. 319, 322 (Bankr. M.D. Fla. 1995)).

provide that the Association has a lien on each parcel securing payment of assessments and other amounts.[15] The Declaration is a covenant running with the land;[16] avoiding the Foreclosure Judgment would be forcing a conveyance of a property interest away from the Association and affording Debtor a property interest that she never had in the first place.[17]

Accordingly, it is **ORDERED** that the Motion (Doc. No. 43) is **DENIED**.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[15] Declaration § 8.1.4; Fla. Stat. § 720.3085(1).
[16] *See In re Rivera*, 256 B.R. 828, 832 (Bankr. M.D. Fla. 2000) ("The obligation to pay homeowners' association assessments is based on a covenant running with the land, a property right.").
[17] *See id.* at 833-34.