**ORDERED.**

Dated: February 21, 2025

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Heather J. Kaley, ) | Case No. 6:24-bk-06574-GER |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER DENYING DEBTOR'S MOTIONS TO RENEW AND
REARGUE ORDERS GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came before the Court upon *Debtor's Motion to Renew and Reargue Order Granting Secured Creditor LC04 Special LLC's Motion for Relief from the Automatic Stay and (2) Granting Prospective Relief* (the "Motion to Reconsider Relief to LC04") (Doc. No. 41) and *Debtor's Motion to Renew and Reargue Order Granting Secured Creditor Independence Community Association, Inc.'s Motion for Relief from the Automatic Stay and (2) Granting Prospective Relief* (the "Motion to Reconsider Relief to Association") (Doc. No. 42) (collectively, the "Motions for Reconsideration") filed by Debtor Heather J. Kaley ("Debtor").

Debtor, who is not represented by counsel, seeks reconsideration of the *Order (1) Granting LC04 Special, LLC's Motion for Relief from the Automatic Stay, (2) Granting Prospective Relief from Stay and (3) Denying Debtor's Cross-Motion for Sanctions* (the "LC04 Stay Relief Order") (Doc. No. 37) and the *Order (1) Granting Independence Community Association, Inc.'s Motion for Relief from*

*Automatic Stay, (2) Granting Prospective Relief from Stay and (3) Denying Debtor's Request for Sanctions* (the "Association Stay Relief Order") (Doc. No. 35) (collectively, the "Orders"). Debtor argues the Orders should be reconsidered because: (a) the Court should have heard the creditors' motions on a different date (not just the time) based on Debtor's stated medical appointment and her request for time to retain counsel; (b) LC04[1] did not serve Debtor with its *Motion for Relief from the Automatic Stay and to Impose a Filing Bar, or in the Alternative, Prospective Relief from Stay* (the "LC04 Stay Relief Motion") (Doc. No. 12); (c) the *Motion for Relief from Automatic Stay* (the "Association Stay Relief Motion") (Doc. No. 13) filed by the Association[2] was defective; and (d) Debtor has defenses to granting LC04 and the Association relief from the automatic stay. Debtor argues the entry of the Orders has caused prejudice based on the Creditors' ability to continue foreclosure proceedings.

Reconsideration of an order under Federal Rule of Civil Procedure 59(e)[3] "is an extraordinary remedy to be employed sparingly" due to interests in finality and conservation of judicial resources.[4] "A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard."[5] Where courts have granted relief under Rule 59(e), they generally act to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice.[6] "Far

---

[1] "LC04" refers to LC04 Special, LLC.
[2] The "Association" refers to Independence Community Association, Inc. The Association and LC04 will collectively be referred to as the "Creditors."
[3] Rule 59 is made applicable to this case by Federal Rule of Bankruptcy Procedure 9023.
[4] *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).
[5] *Id.* (first citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985); then citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); and then citing *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir. 1980)).
[6] *Id.* (first citing *Sussman*, 153 F.R.D. at 694; then citing *Morris v. United States*, No. 96-1035-CIV-T-24(F), 1998 U.S. Dist. LEXIS 14046 (M.D. Fla. Aug. 6, 1998); and then citing *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)).

too often, litigants operate under the assumption . . . that any adverse ruling confers on them a license to move for reconsideration, and utilize such motion as a platform to relitigate issues that have already been decided or otherwise seek a 'do over.' Such use of Rule 59 is improper."[7] "Indeed, a court's order is not intended as a mere first draft, subject to revision at the litigant's whim."[8] "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived."[9] "A 'party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration.'"[10] For the reasons set forth below, the Motions for Reconsideration fail to state sufficient grounds for the Court to reconsider the Orders. The Court will address Debtor's arguments in turn.

### Hearing Conducted on January 9, 2025

First, Debtor argues that she was "improperly denied a request to adjourn the preliminary hearing which formed the basis of the Order[s]." On January 6, 2025, Debtor filed a *Motion to Reschedule Hearing* (the "Motion to Reschedule") (Doc. No. 19), requesting to reset the hearing scheduled for January 9, 2025; the Court granted the Motion to Reschedule in part and reset the hearing from 10:30 a.m. to 2:30 p.m. to accommodate Debtor's medical appointment.[11] Debtor then filed a *Motion for Reconsideration* (the "Motion for Reconsideration") (Doc. No. 23), providing a copy of an appointment confirmation showing that her appointment was scheduled for January 9, 2025 and that she needed to arrive by 2:15 p.m. In another accommodation to Debtor, the Court

---

[7] *Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide)*, No. 6:16-cv-1484-Orl-37, 2017 WL 549160, at *2 (M.D. Fla. Feb. 9, 2017) (citing *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).
[8] *Id.* (citing *Plummer v. PJCF, LLC*, No. 2:15-CV-37-FTM-38CM, 2015 WL 2359996, at *1 (M.D. Fla. May 18, 2015)).
[9] *Caldwell v. Dodge Chrysler Grp.*, No. 8:18-cv-2525-T-35SPF, 2019 WL 13215059, at *1 (M.D. Fla. Nov. 12, 2019) (quoting *O'Neill v. Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 483 (S.D. Fla. 2006)).
[10] *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoting *Villaflores v. Royal Venture Cruise Lines, Ltd.*, No. 96-2103-Civ-T-17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997)).
[11] *Order Resetting Hearing as to Time Only* (Doc. No. 22).

changed the time of the hearing to 9:30 a.m. and permitted Debtor to appear via Zoom. *See Order (1) Granting in Part Motion for Reconsideration, (2) Resetting Hearing as to Time Only and (3) Allowing Parties to Appear via Zoom* (the "Order Resetting") (Doc. No. 24). As a courtesy, the Court sent Debtor a copy of the docketed Order Resetting via email.

Debtor explains that her failure to appear at the January 9, 2025 hearing via Zoom was because her "health was first and foremost in her mind and her only concern at the moment." While the Court sympathizes with Debtor's medical circumstances, the Court made accommodations that permitted Debtor to both attend the hearing remotely as well as arrive for her medical appointment by 2:15 p.m.

Debtor also argues that the January 9, 2025 hearing should have been continued to allow her to retain counsel. This case was filed December 3, 2024 (the "Petition Date") and Debtor fails to describe any steps she has taken to retain counsel. Furthermore, the desire to retain counsel did not prevent Debtor from attending the hearing remotely by Zoom and is not a basis to continue the hearing or reconsider the Orders.

**Alleged Deficiencies Related to Service and Procedure**

Debtor argues that LC04 never served her with the LC04 Stay Relief Motion. However, the motion contains a certificate of service reflecting service was made on Debtor at the address listed in her petition. "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee."[12] "The presumption of receipt may be rebutted . . . by producing evidence which would 'support a finding of the non-existence of the presumed fact.'"[13] "The mere denial of receipt, without more, is insufficient to rebut the presumption."[14] "[D]irect

---

[12] *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995)).

[13] *Adams v. Prescott (In re Prescott)*, 285 B.R. 763, 767 (Bankr. S.D. Ga. 2001) (quoting *In re Hobbs*, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992)).

[14] *Farris v. Walton (In re Farris)*, 365 F. App'x 198, 200 (11th Cir. 2010) (first citing *In re Prescott*, 285 B.R. at 767; and then citing *In re Hobbs*, 141 B.R. at 468). In the Eleventh Circuit, "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

testimony of nonreceipt, *combined with other evidence*, may be sufficient to rebut the presumption."[15] Debtor filed a response to the LC04 Stay Relief Motion,[16] wherein she argued that she was never served with the LC04 Stay Relief Motion and attached a copy of information provided by the United States Postal Service regarding mail delivered or in transit to her address. The exhibit is, for the most part, illegible and is insufficient to rebut the presumption that LC04 served the LC04 Stay Relief Motion as stated in its certificate of service. Furthermore, Debtor admits to receiving the LC04 Stay Relief Motion as an attachment to the Association Stay Relief Motion and Debtor timely filed a response to the LC04 Stay Relief Motion, which the Court considered. Therefore, Debtor was presumptively served with, and had actual notice of the LC04 Stay Relief Motion (as well as the hearing thereon as discussed above). Accordingly, there is no manifest injustice relating to service warranting reconsideration of the LC04 Stay Relief Order.

Debtor also argues that the Association Stay Relief Motion was "defective in that it did not request any type of sanctions against the Debtor." However, no sanctions were entered against Debtor. To the extent Debtor's reference to sanctions relates to the prospective relief afforded with respect to the Property,[17] the Court found that prospective relief was appropriate after reviewing the Association Stay Relief Motion, the record, and argument of counsel. Either way, Debtor fails to state a basis for reconsideration of the Association Stay Relief Order.

**Remaining Arguments**

Debtor also argues that her *Motion for Referral to Mortgage Modification Mediation* (the "MMM Motion") (Doc. No. 26) regarding her mortgage with LC04 warrants reconsideration of the Orders. However, the MMM Motion was initially granted in error and subsequently denied pursuant

---

[15] *In re Farris*, 365 F. App'x at 200 (emphasis added) (citing *In re Hobbs*, 141 B.R. at 468).
[16] *Opposition to LC04 Special, LLC Motion for Relief from Automatic Stay and to Impose Filing Bar, and Debtor's Cross Motion for Sanctions* (Doc. No. 21).
[17] The "Property" refers to real property located at 14924 Gaulberry Run, Winter Garden, Florida 34787.

to the *Order (1) Granting Motion to Vacate Mortgage Modification Mediation Order, (2) Vacating Order Directing Mortgage Modification Mediation, and (3) Denying Mortgage Modification Mediation* (Doc. No. 39).

Debtor also argues that LC04 is adequately protected based on the existence of equity in the Property and that the Property is necessary for an effective reorganization. Debtor appears to be arguing that LC04 was not entitled to relief pursuant to 11 U.S.C. § 362(d)(2). LC04 did not pursue relief under § 362(d)(2); regardless, Debtor's arguments fail and LC04 was entitled to stay relief. First, Debtor does not have equity in the Property. Debtor argues there is equity in the Property when considering her value of the Property is $1,000,000.00[18] and the foreclosure judgment is for $792,050.06.[19] However, the foreclosure judgment does not include interest, fees, or taxes that have accrued since its entry in September 2018, and LC04 has asserted that it is owed $1,175,626.25 as of the Petition Date. Furthermore, because this is a chapter 7 case, no reorganization is contemplated.

Finally, as to the Association, Debtor argues that her pending *Amended Motion to Avoid Judicial Lien of Independence Community Association, Inc. on Exempt Property* (the "Motion to Avoid Lien") (Doc. No. 43) warrants reconsideration of the Association Stay Relief Order. Debtor's Motion to Avoid Lien is to be denied by this Court by separate order.

For the foregoing reasons, the Court finds that Debtor has failed to provide a sufficient basis for reconsideration of the Orders. Accordingly, it is

**ORDERED**:

1. The Motion to Reconsider Relief to LC04 (Doc. No. 41) is **DENIED**.

---

[18] *See* Doc. No. 1 at 24.
[19] See the *In Rem Final Judgment of Foreclosure*, *LC04 Special LLC v. Kaley*, No. 2017-CA-006612-O (Fla. 9th Cir. Ct. Sept. 28, 2018), and the *Amended Final Judgment of Foreclosure*, No. 2017-CA-006612-O (Fla. 9th Cir. Ct. Sept. 5, 2024), which were attached to the LC04 Stay Relief Motion. A court may take judicial notice on its own or upon a party's request at any stage of a proceeding of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201. Accordingly, the Court takes judicial notice of the case record and docket of *LC04 Special LLC v. Kaley*, No. 2017-CA-006612-O (Fla. 9th Cir. Ct. filed July 19, 2017).

2.	The Motion to Reconsider Relief to Association (Doc. No. 42) is **DENIED**.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.